UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KIMBERLY REED,** *individually and* *as Next Friend for Minor Child* **JANE DOE,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Case No. 3:24-cv-01500-D** |
| **JONATHAN BARNES, et al.** | § § | |
| **Defendants.** | § § | |

**PLAINTIFF'S MOTION TO SERVE DEFENDANT CHARONNE HADLEY VIA TEXAS RULE OF CIVIL PROCEDURE 106(b)(2)**

Comes now Plaintiff Kimberly Reed, on behalf of herself and her minor child, by counsel, hereby request to serve Defendant Hadley via Texas Rule of Civil Procedure 106(b)(2). In support of this Response, she states as follows:

1. Plaintiff has attempted to serve Defendant Hadley via process server at her previously known address of 2412 Libra Drive, Garland, Texas 75044. *See* Exhibits 1 and 2 – Lexis Smartlinx People Search, ABC Legal Service Attempts.

2. It appears that Defendant Hadley's home is in foreclosure as of January 7, 2025. *See* Exhibit 3 – Notice of Foreclosure.

3. The Federal Rules of Civil Procedure allow for service of process to be achieved by following state law. FRCP 4(e)(1).

1

4. Given that Defendant Hadley no longer resides in her home, the Plaintiff requests to be able to serve her pursuant to Texas Rule of Civil Procedure 106(b)(2), which states:

> b) Upon motion supported by a statement - sworn to before a notary or made under penalty of perjury - listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

5. Plaintiff has attached an affidavit of the process server showing previous attempts to serve Defendant Hadley, to no avail. Exhibit 2.

6. Given that Defendant Hadley has been previously served with the Original Petition [Dkt. 31], it is likely that Defendant Hadley is aware that this lawsuit is pending.

7. Plaintiff has also called her alleged place of work, and she apparently does not work there anymore. *See* Exhibit 4 – Affidavit of Ienny Ribon.

8. Plaintiff has since waited a few weeks to file this Motion to see if Defendant Hadley has updated her address or residence publicly, and as of February 13, 2025, she has not per Lexis People Search.

9.  Thus, the Plaintiff requests to be able to serve Defendant Hadley electronically, via her email (as listed in Exhibit 1) and via her Facebook profile. *See* Exhibit 5 – screenshot of Charonne Hadley's Facebook profile.

Wherefore, the Plaintiff, by counsel, respectfully requests to be able to serve Defendant Hadley electronically, via her emails and her Facebook, pursuant to Texas Rule of Civil Procedure 106(b)(2) and for all other just and proper relief in the premises.

Respectfully Submitted,

*s/ Jonathan Little*
Jonathan Little, admitted *pro hac vice*
Annemarie Alonso, admitted *pro hac vice*
SAEED & LITTLE, LLP
133 West Market Street, #189
Indianapolis, IN 46204
jon@sllawfirm.com
annie@sllawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon opposing counsel via the Court's ECF service on this 13th day of February, 2025.

*/s/ Jonathan Little*
Jonathan Little