IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLY REED, individually and as    §
Next Friend for Minor Child JANE DOE,   §
                                      §
             Plaintiff,          §
                                        §
VS.                              §      Civil Action No. 3:24-CV-1500-D
                                      §
JONATHAN BARNES, et al.,         §
                                      §
           Defendants.      §

MEMORANDUM OPINION
AND ORDER

Plaintiff Kimberly Reed's ("Reed's") February 13, 2025 motion to serve defendant Charonne Hadley ("Hadley") via Tex. R. Civ. P. 106(b)(2) is denied without prejudice.

I

Reed has established in a manner that complies with the requirements of Rule 106(b) that she has attempted unsuccessfully to serve the summons and complaint on Hadley. Reed has not yet demonstrated, however, that service via the identified email addresses or Facebook account "will be reasonably effective to give [Hadley] notice of the suit." Rule 106(b)(2).

With respect to the identified Facebook account, Reed has produced no evidence that Hadley has recently used this Facebook account, or that it even belongs to the Hadley who is a defendant in this lawsuit. The screenshots attached to the motion show that there is a profile for a "Charonne Hadley" located in Garland, but it does not show any activity on the account. There is therefore no evidence to demonstrate that this means of service would be

"reasonably effective to give the defendant notice of the suit," as Rule 106(b)(2) requires. *See CT Cash LLC v. Anns Boyz Logistics Inc*, 2023 WL 8816379, at *4 (N.D. Tex. Dec. 19, 2023) (Horan, J.) (quoting *SEC v. Plummer*, 2022 WL 447077, at *2 (N.D. Tex. Feb. 14, 2022) (Boyle, J.)) ("Courts have allowed service by email when '(1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address.'"); Rule 106 comment to 2020 change ("In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology.").

Similarly, there is no evidence in the record on which to find that Hadley has ever, much less recently, used any of the email addresses identified in the Lexis Smartlinx People Search report. Reed has therefore failed to demonstrate that service via these email addresses "will be reasonably effective to give [Hadley] notice of the suit." Rule 106(b)(2); *see also Plummer*, 2022 WL 447077, at *3 (holding that evidence that a defendant used an email address six months prior to the motion was not sufficient to show that the defendant could reasonably be expected to receive notice of the suit via that address); *NexBank v. ResMac Inc.*, 2025 WL 28654 (N.D. Tex. Jan. 3, 2025) (Fitzwater, J.) (declining to authorize service via an email address when the record lacked evidence that the defendant could be reached at that address); *CT Cash LLC*, 2023 WL 8816379, at *5 (stating that the identified email addresses were not reasonably calculated to be effective to notify the defendants of the suit because one defendant had never responded from the email address attributed to him and

-2-

another defendant had not responded from her identified address in over ten months).

* * *

For the reasons explained, Reed's February 13, 2025 motion to serve defendant Charonne Hadley via Rule 106(b)(2) is denied without prejudice.

**SO ORDERED**.

February 18, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

-3-