IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY REED, individually and as Next Friend for Minor Child JANE DOE, | § § § | |
| Plaintiff, | § § | |
| VS. | § | Civil Action No. 3:24-CV-1500-D |
| JONATHAN BARNES, et al., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendants G6 Hospitality LLC, G6 Hospitality IP LLC, G6 Hospitality Property LLC, G6 Hospitality Purchasing LLC, G6 Hospitality Franchising LLC, and Motel 6 Operating LP[1] (collectively, "G6") and Oak Cliff Hospitality Ltd. d/b/a Motel 6 Dallas, TX – South ("Motel 6 Dallas, TX – South")[2] move to dismiss the claims asserted by plaintiff Kimberly Reed ("Reed") under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1581 *et seq.*; under Tex. Civ. Prac. & Rem. Code Ann. § 98.002 (West 2009); and for negligence.[3]  For the reasons that follow, the court

---

[1]According to G6, this entity was erroneously sued as "Motel 6, Inc., Operating L.P."

[2]The amended complaint uses "G6" or "G6 Defendants" to refer collectively to the G6 entities as well as to Motel 6 Dallas, TX – South.  *See* Am. Compl. ¶ 24.  The court does not include Motel 6 Dallas, TX – South when referring to "G6."

[3]In addition to these claims, Reed also brings claims for battery and sexual assault and violations of TVPRA and Tex. Civ. Prac. & Rem. Code Ann. § 98 against defendant Jonathan Barnes and claims for negligence and violations of TVPRA and Tex. Civ. Prac. & Rem. Code Ann. § 98 against defendant Charonne Hadley.

grants the motion as to Reed's TVPRA claim, declines to reach her state-law claims, and grants Reed leave to replead.

I

Reed alleges that, on April 9, 2022, she discovered that her 14-year-old special needs daughter, Jane Doe ("Jane"), was video-chatting with 20-year-old Jonathan Barnes ("Barnes"). Reed informed Barnes that Jane was a minor. The following day, Reed discovered that Barnes was continuing to communicate with Jane, and that the two had been engaging in overtly sexual conversations. On or about July 29, 2022, Reed discovered that her credit card had been declined for various transactions. After asking Jane about the transactions, she determined that the declined charges were related to purchases that Jane had made on Xbox. Consequently, Reed removed Jane's access to Xbox, which upset Jane. When Reed awoke on the morning of July 31, 2022, Jane and the family Xbox were gone. According to Reed, Barnes made arrangements to transport Jane from her residence in Indianapolis to his residence in Texas.

On or about August 1, 2022, Jane met Barnes at his workplace, and the two then used a combination of public transportation and a rideshare service to get to a Motel 6 located off of Thornton Freeway in Dallas ("the Motel 6"). They checked in for one night, and Barnes and Jane had sex several times. The next morning, they took a rideshare service to the home of Barnes's mother, defendant Charonne Hadley ("Hadley"). Hadley provided breakfast to Jane, who remained at Hadley's residence until Barnes returned from work. That evening, Barnes fondled and kissed Jane while the two watched movies with his mother and two

younger sisters. Barnes then used a rideshare service to take Jane back to the Motel 6. Barnes again checked into the motel and had sex with Jane. The following morning, on or about August 3, 2022, Barnes used a rideshare service to transport himself and Jane to his grandfather's house, where they stayed for a few hours before he returned Jane to the Motel 6 and left her alone for some period of time. When Barnes returned, he brought Jane food, but when Hadley called and told him that the police were looking for Jane, Barnes left her alone at the Motel 6 once again.

G6 is a hospitality company that owns and franchises the Motel 6 brand. The Motel 6 at issue in this case is owned, operated, and controlled by Motel 6 Dallas, TX – South, pursuant to a franchise agreement with G6. Reed alleges that G6 and Motel 6 Dallas, TX – South are liable both as perpetrators and beneficiaries of Jane's trafficking.

The court is addressing the following motions in this memorandum opinion and order: Motel 6 Dallas, TX – South's August 30, 2024 motion to dismiss; Motel 6 Dallas, TX – South's October 30, 2024 amended motion to dismiss; and G6's October 30, 2024 amended motion to dismiss. The court is deciding the motions on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

A

G6 and Motel 6 Dallas, TX – South both contend that, as an initial matter, Reed has not plausibly alleged that Jane was caused to engage in a "commercial sex act," as is required for a violation of § 1591 of the TVPRA. Reed maintains that she has adequately pleaded that the alleged sex acts were "commercial sex acts" because the amended complaint asserts that, in exchange for sex, Barnes provided Jane items of value, including food, shelter, and transportation.

18 U.S.C. § 1595 authorizes an individual who is a victim of a violation of the TVPRA to

> bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States[.]

18 U.S.C. § 1595(a).

18 U.S.C. § 1591 provides:

> (a) Whoever knowingly—
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).

For purposes of this section, "commercial sex act" is defined as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). "Anything of value," for purposes of this statute, has been broadly interpreted.

- 5 -

*See, e.g.*, *United States v. Raniere*, 384 F.Supp.3d 282, 318 (E.D.N.Y. 2019) ("Courts have consistently held that 'anything of value' encompasses more than simply monetary exchanges."); *Ramsbottom v. Ashton*, 2024 WL 4993391, at *4 (M.D. Tenn. Dec. 5, 2024) ("Courts grappling with the definition of 'commercial sex act' generally agree that the term 'anything of value' is defined very broadly.").

Reed alleges in the amended complaint that Barnes paid for Jane's transportation to Dallas and that he provided her with transportation, shelter, and food while she was in Dallas. Reed has therefore plausibly pleaded that Jane was provided something "of value."

B

But Reed has not plausibly pleaded that these things of value were provided "on account of" any sex act. Aside from the bare, conclusory allegation that "Jonathan Barnes provided Jane Doe with items of value, including food, shelter, and transportation, in exchange for sex," the amended complaint does not allege any facts that enable the court to draw the reasonable inference that Jane was provided food, shelter, and transportation "on account of" the sex acts that occurred. To be sure, the "on account of" language in § 1591(e)(3) does not require a bargained for exchange. *See Acevedo v. eXp Realty, LLC*, 713 F.Supp.3d 740, 772 (C.D. Cal. 2024). But it is necessary that there be a causal connection between the sex act and the exchange of the thing of value. *See Ramsbottom*, 2024 WL 4993391, at *7 (holding that the plaintiff did not properly allege a commercial sex act when she "traveled of her own accord to meet up with" the defendant, and, "[a]lthough [the defendant] paid for the hotel room and food over the course of the weekend, nothing

- 6 -

about the interaction suggests that his payment for lodging and food was because of—or 'on account of'—any sex act," and plaintiff did not "allege that [the defendant] ever threatened to withhold food or lodging—or threatened to require her to foot the bill—if she did not engage in sex acts with him"). Similar to the deficiencies identified in *Ramsbottom*, Reed has not alleged any facts that enable the court to draw the reasonable inference that Barnes provided Jane with food, shelter, and transportation because of, or "on account of," the alleged sex acts. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Reed has therefore failed to plausibly plead a TVPRA violation and to state a claim under § 1595(a) on which relief can be granted against G6 or Motel 6 Dallas, TX – South. Accordingly, the court dismisses Reed's TVPRA claim against G6 and Motel 6 Dallas, TX – South.

IV

Having dismissed Reed's federal-law claim against G6 and Motel 6 Dallas, TX – South, the court determines next whether to exercise supplemental jurisdiction over her state-law claims. The court in its discretion declines to do so.[4]

---

[4]Reed's original state-court petition alleged that the parties were diverse and that Reed sought monetary relief over $1 million. Uber Technologies, Inc. ("Uber,"), a defendant who has since been dismissed from this action, initially removed the case to this court based on diversity jurisdiction, alleging that it had done so prior to the proper joinder and service of any defendants who were Texas citizens and thus had avoided the forum-defendant rule. Uber's amended notice of removal and G6's original notice of removal were then filed, and this notice instead invoked the court's federal question jurisdiction. In her amended complaint, Reed also invokes this court's jurisdiction on the basis of her federal-law claim. *See* Am. Compl. (ECF No. 36) ¶ 26. This action is therefore in federal court on the basis of federal question jurisdiction. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30

Reed's TVPRA claim serves as the sole basis for the court's federal question jurisdiction in this case.[5]  This court has the discretion to remand a case that was removed based on federal question jurisdiction where the federal question claim has dropped out of the case and the parties are not diverse citizens.  *See, e.g.*, *Burnett v. Petroleum Geo-Servs., Inc.*, 2013 WL 1723011, at *5 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim supporting federal question jurisdiction).  Although this court may exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367(a), in this circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th

---

(2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says.").  Reed's amended complaint does allege diversity of citizenship between herself and Jane and all defendants in the case.  *See* Am. Compl. ¶ 14-22.  But she does not attempt to invoke the court's diversity jurisdiction, nor does she allege in her amended complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs.  Although a district court may not remand state-law claims when it has diversity jurisdiction over them, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988) (noting that a court has no authority to decline to hear a removed case when it has diversity jurisdiction over the case, "which is not discretionary"), diversity jurisdiction has not been properly pleaded in this case because the amended complaint fails to allege the required amount in controversy.

[5]The amended complaint alleges that the court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the TVPRA, but it does not specifically invoke the court's supplemental jurisdiction over the state-law claims.

Cir. 2009); *see also Richardson v. Dwight*, 2017 WL 10296324, at *2 (N.D. Tex. Nov. 17, 2017) (Fitzwater, J.) ("[A] district court retains the discretion to remand a case after the claims that gave rise to federal jurisdiction, and, in turn, to removal, have dropped out of the case.").

Although the court is granting Reed leave to replead, *see infra* § V, it is possible she will not be able to plead a plausible federal question claim. If so, the court will dismiss the federal-law claim and remand the state-law claims. Because of that possibility, the court declines to weigh in at this early stage of the case on the merits of state-law claims that it may never reach. *See Moton v. Halff Assocs., Inc.*, 2014 WL 642764, at *1 (N.D. Tex. Feb. 19, 2014) (Fitzwater, J.).

V

Although the court is dismissing Reed's federal-law claim, it will permit her to replead. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that defects are incurable or plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal). Reed has indicated that she is willing to amend her pleading to address any insufficiencies, and there is no indication that she cannot cure the defect that the court has identified. Further, allowing her to file a second amended complaint is not excessive under the circumstances of this case. Reed filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) before this court addressed the adequacy of her state-court

original petition. This decision is therefore the first to address the adequacy of Reed's TVPRA claim. Accordingly, the court will grant Reed 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

\* \* \*

For the reasons explained, the court dismisses Reed's TVPRA claim and grants her leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

March 31, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE